## HARRISON PARKER

### *vs.*

### DAVID WILLIAMS and another, and certain logs.

### Franklin.    Opinion August 6, 1885.

*Liens on logs.    Pleadings.    Attachment.    Plantations.    R. S., c. 81, § 26.*
"*Unincorporated place.*"

In an action to enforce a lien on logs it is not necessary to allege in the writ
the ownership of the logs, or that the owner was unknown.

An officer attached a lot of logs containing three million feet, and in his return
estimated the logs at six hundred thousand feet. *Held*, the error was one of
judgment which did not invalidate the attachment.

Where the owner of logs upon which there is a lien so intermingles them with
other logs of the same mark that the former cannot be distinguished, it is
the duty of the officer, in serving a writ brought to enforce the lien, to attach
the whole lot.

Attachments of personal property that may be preserved by recording as
provided by R. S., c. 81, § 26, when made in a plantation, which is organized
and has a clerk's office, should be there recorded.

A plantation which has a clerk and other plantation officers is not an unin-
corporated place within the meaning of R. S., c. 81, § 26.

ON REPORT.

Assumpsit to enforce a lien claim, for the personal labor of
the plaintiff performed for the defendants, amounting to sixty-
three dollars and thirty-one cents, on certain logs.

*P. A. Sawyer*, for the plaintiff.

*Savage and Oakes*, for Lewiston Steam Mill Company,
claimants.

We claim that plaintiff has no lien, because it is not alleged in
the writ and declaration that the logs were, or were supposed to
be, logs of claimants, or that the owner was unknown. This
point seems never to have been raised in any case in this state;

but we think it worthy of consideration. How can the court know from this writ whether judgment is to be *in rem* or *in personam*, for there is nothing to show that the logs belonged to any third party, or did not belong to Williams and Parker, the defendants. As the very foundation of a notice, general or special, to the owner of the logs, we think there should be some allegation of ownership. If the mandate was defective in this respect, the order and all subsequent proceedings have been nugatory. *Campbell* v. *Smith*, 47 Maine, 143.

It is a general rule that the logs attached must be the identical ones upon which the labor was performed, which has been enlarged to give a laborer a lien upon the logs on which his whole crew worked, or when by the negligence or carelessness of the owner — the several lots of lumber become intermixed, so that the respective lots can not be distinguished, the respective liens are upon the whole mass. In this case, there was no negligence or carelessness of the owners. From the very necessities of the business, these logs which were to be driven down the lakes, must be collected together.

The officer was commanded to attach logs to the value of one hundred and twenty dollars. He returned an attachment of six hundred M., valued at twenty-four hundred dollars, and the referee reports that all of the logs were attached, and put in charge of a keeper, by which is meant, so far as acts of the officer are concerned, and not his return. There were more than three million feet thus attached and put under a keeper. No logs were removed from the place where they were found, and none were selected by the officer or keeper. If the attachment was valid as to one log, it was just as valid as to all the rest, for no distinction was made in the attachment. But the officer returns that he attached only six hundred M., and therefore he did not attach the rest. He goes to a pile of logs containing three million, and assumes to attach an undivided and unselected six hundred M. That could not be done. An attachment must be of property which is certain and definite ; in this case, of separate individual logs.

Now if the lien did not attach to the mass, of course this

attachment fails. If the lien did attach to the mass, the officer had a right to attach one hundred and twenty dollars worth of any logs in the mass, but he must attach specific logs to that amount. There is no pretense that he did so, and the lien fails for that cause.

This is not a case where an officer would have a right to detain the whole mass by reason of a confusion or intermingling of goods, for we are now arguing on the assumption that the lien attached to the whole mass and rendered each separate piece liable to a valid attachment.

" When the attachment is made in an unincorporated place, such copy shall be filed and recorded in the office of the clerk of the oldest adjoining town in the county. " This attachment was made in an unincorporated place, and the copy was not filed and recorded in the office of the clerk of the oldest adjoining town in the county of Franklin ; but was filed and recorded in Rangely Plantation.

Some discussion was had before the referee, as to whether the attachment was made in Township Letter D; or in Rangely Plantation, for no accurate map of the region has ever been made that we are aware of. And if it should become important to distinguish which, the burden should be upon the plaintiff to show that the officer complied with the law. But for the purposes of our present discussion, it is immaterial in which place the attachment was made. We contend that either is an " unincorporated place. " The word incorporate implies the use of the enacting and creating power of the legislative branch of the government. Towns and cities are incorporated by direct legislative enactment. There is no general law under which municipal corporations can be formed. Our statutes recognize three grades of political organization. The word township is used where there is no organization; a plantation has some political powers and is said to be organized; a town which has the highest political power known in the sub-divisions of the state, is said to be incorporated.

WALTON, J. This is an action to secure a laborer's lien on logs. It is before the law court on a statement of facts found

and reported by a referee. The Lewiston Steam Mill company appears as claimant of the logs, and objects to a judgment against them for several reasons.

1. It is claimed that the plaintiff has no lien, because it is not alleged in the writ that the logs were, or were supposed to be, logs of the claimant, or that the owner was unknown. We think such an allegation is not necessary. The writ must show that the suit is brought to enforce the lien; but the statute giving a lien on logs expressly declares that all the other forms and proceedings therein shall be the same as in ordinary actions of assumpsit. R. S., c. 91, § 42.

2. It is insisted that the attachment was invalid, because the officer went to a pile of logs containing three million, and undertook to attach six hundred thousand, without selecting or separating the portion attached from those which were not attached. It is a sufficient answer to this objection to say that there is no evidence that the officer undertook to attach a quantity less than the whole. The referee has found as a fact that all the logs were attached. True, the officer in his return, estimated the logs attached at six hundred thousand; but the fact is that he attached the whole pile, and the only error was one of judgment in estimating the amount in the pile. Such an error will not invalidate an attachment.

3. It is next insisted, if the whole pile was attached, that the attachment was invalid, because it included logs on which the plaintiff had performed no labor. It is true that more logs were attached than those upon which the plaintiff had performed labor. But this was because the Steam Mill company had so intermingled the logs on which the plaintiff had labored with other logs, all being marked alike, that the former could not be distinguished from the latter; and in such a case, it is not only the right, but it is the duty of the officer to attach the whole. It is conceded that such is the law when the intermingling is carelessly or fraudulently done. And we think it is equally true that such is the law when, without the consent of the plaintiff, the intermingling has been designedly done. So held in *Spofford* v. *True*, 33 Maine, 283, where the question was ably argued by counsel and fully considered by the court.

4.   It is next claimed that if there was a valid attachment, it has been lost, because the officer did not take and retain possession of the logs, nor legally record his attachment.   It is not denied that the officer recorded his attachment, but it is denied that he recorded it in the right place.   It is claimed that it should have been recorded in the oldest adjoining town, instead of the plantation where the attachment was made.   We think the attachment was properly recorded.   Attachments made in towns are to be there recorded.   R. S., c. 81, § 26. But the word "town," when used in a public statute, includes cities and plantations, unless otherwise expressed or implied. R. S., c. 1, § 6.   Rule 17.   We do not think it is otherwise expressed or implied in the statute providing for the recording of attachments.   On the contrary, it seems to us that the same reasons exist for having attachments made in plantations there recorded, when the plantation is organized and has a clerk's office in which they can be recorded, as exist for having them recorded in the towns in which they are made.   True, another provision in the same statute declares that when an attachment is made in an "unincorporated place," it shall be recorded in the oldest adjoining town in the county.   But we do not think an organized plantation which has a clerk and other plantation officers, is an "unincorporated place," within the meaning of this statute.   We think it refers to places in which there is no clerk or clerk's office in which attachments can be filed or recorded.   Rangely Plantation is not such a "place."   It is an organized plantation, having a clerk and other plantation officers, and we think attachments there made should be there recorded. The attachment in this case was there made, (the referee expressly so finds,) and it was there recorded; and it is the opinion of the court that it was properly recorded.   Consequently, it is of no importance whether the officer took and retained possession of the logs attached or not; for the attachment, being legally recorded, would be valid without such possession.   Still, it is a fact that the officer did take possession of the logs, (such possession as he could and the nature of the property would permit,) and, through the agency of a keeper, retained it, till he

was wrongfully deprived of it by the steam mill company. Such a dispossession of an officer does not dissolve an attachment. He may pursue the property and retake it by a writ of replevin, or he may maintain trespass or trover for its value. *Lovejoy* v. *Hutchins*, 23 Maine, 272; *Brownell* v. *Manchester*, 1 Pick. 232.

It is the opinion of the court that, upon the whole case as reported by the referee, the plaintiff is entitled to recover of the defendants, Williams and Parker, the sum of sixty-three dollars and thirty-one cents; and that he is entitled to a judgment against the logs attached on his writ, with costs, as awarded by the referee.

> *Judgment for plaintiff against Williams and Parker, and against the logs attached on his writ, sixty-three dollars and thirty-one cents with costs, as awarded by the referee.*

PETERS, C. J., VIRGIN, LIBBEY, EMERY and HASKELL, JJ., concurred.